1  *[Counsel listed on signature page]*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 2 8 2000

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

NED CHARLES LUMPKIN, CAROLE
BENSHAW, SUZIE FOX, AMY
ROBINSON, ANN TABASINSKE,
CAROLYN THOMAS, SHANNON
STENBERG, ANN MARIE BRIGHT,
GARY M. WEDERSPAHN, KAREN L.
RAY, PATRICIA JEAN ZUMWALT,
ANITA WETMORE, PETE WETMORE,
BERTHA CLARK, CECIL CLARK, GAIL
DRAKE, and KAREN SCHNEIDER,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

        v.

E.I. DUPONT DE NEMOURS & CO., a
Delaware corporation, GENERAL
ELECTRIC CO., a New York corporation,
UNC NUCLEAR INDUSTRIES, INC., a
Delaware corporation, ATLANTIC
RICHFIELD CO., a Delaware corporation,
ATLANTIC RICHFIELD HANFORD CO.,
a Delaware corporation, ROCKWELL
INTERNATIONAL CORP., a Delaware
corporation, FLUOR DANIEL HANFORD,
a Washington corporation, BATTELLE
MEMORIAL INSTITUTE, a non-profit
organization, PACIFIC NORTHWEST
LABORATORY, a Washington
corporation, CH2M HILL HANFORD
GROUP, INC., a Delaware corporation,
WESTINGHOUSE HANFORD
COMPANY, a Delaware corporation,
LOCKHEED MARTIN, a Maryland
corporation, and HANFORD
ENVIRONMENTAL HEALTH
FOUNDATION, INC., a non-profit
organization,

        Defendants.

NO.

# CT-00-5052-EFS

**CLASS ACTION
COMPLAINT FOR
INJUNCTIVE RELIEF AND
DAMAGES AND
COMPLAINT FOR
INDIVIDUAL CLAIMS**

**JURY TRIAL DEMANDED.**

---

**CLASS ACTION COMPLAINT- 1**
281390.2/614#02!/016058.00001

# ORIGINAL



The above Plaintiffs, through undersigned counsel, file this Complaint and, based on personal knowledge or information and belief, state as follows:

## I.   INTRODUCTION

1.1    Defendants irradiated thousands of unsuspecting men, women, and children without their consent through their activities at the Hanford Nuclear Reservation. Defendants exposed the public and the surrounding environment to radioactive and other hazardous materials.  Defendants violated peoples' rights and used  individuals to serve as receptacles for Defendants' radioactive and hazardous wastes.  Such conduct is unmistakably barbarous and immoral, and was in direct contravention of the Defendants' legal duty to protect and safeguard the health and welfare of the class of Plaintiffs bringing this Complaint.

1.2    The Defendants did not simply irradiate and expose the Plaintiffs to radioactive hazardous materials on isolated hazardous occasions.  Instead, they did so systematically and daily without informing Plaintiffs of the potential dangers, which would have permitted the Plaintiffs and other class members the opportunity to protect themselves and their families from harm.  According to the Defendants, warning the public would have jeopardized the production of plutonium at the Hanford Nuclear Reservation ("Hanford"), or otherwise turned the local population against the operation of Hanford.  Thus in their rush to produce plutonium, to keep laborers, the Defendants kept quiet about the worker and public health risks concerning production no matter the cost.

1.3    The Defendants also deceived the public into a false sense of security. Whenever anyone questioned the Defendants about human health and safety of those living in the geographic vicinity of or working at Hanford, they were assured by the Defendants that they had nothing to fear because Hanford was safe and there was no risk of adverse health consequences.

1.4    The Defendants are present and former operators of Hanford which produced weapons-grade plutonium used by the United States in its nuclear weapons programs, as well

1    as the radioactive and other hazardous by-products of production for nearly 45 years.

2        1.5    Despite the Defendants' knowledge of the danger posed by radiation exposure

3    and the duty they had to warn the public of any hazardous releases, Defendants failed to

4    warn the public of any releases.  Indeed, when asked if any radioactive material had ever

5    been released, Defendants lied, responding that not one atom had ever escaped from

6    Hanford.

7        1.6    Plaintiffs have been injured as a direct result of the Defendants' acts and

8    omissions and seek declaratory, injunctive, and compensatory relief including, but not

9    limited to, a public apology by the Defendants for intentionally irradiating the public and

10   exposing them to hazardous materials without their consent; an acknowledgment that

11   Defendants' intentional and reckless acts were contrary to the fundamental principles

12   identified at Nuremberg; an admission of responsibility for any harm which might be

13   associated with an unlawful release from the Hanford facility; full disclosure of Defendants'

14   activities at the Hanford facility; medical monitoring, care, and treatment; and compensatory

15   and punitive damages to the extent permitted by law.

16

17              **II.    FEDERAL JURISDICTION AND VENUE**

18       2.1    Plaintiffs, on behalf of themselves and as a class described below, state that

19   they are former employees of Defendants; frequenters and invitees, who transacted business

20   regularly or for extended periods of time on the Hanford Nuclear Reservation; the families of

21   Defendants' employees; residents of Richland, Washington and/or Camp Hanford; and

22   residents of Washington, Idaho, and Oregon who lived downriver or downwind from

23   Hanford.

24       2.2    Defendants are government contractors that operated the Hanford facility

25   including:

26           2.2.1        E.I. DuPont de Nemours and Company ("DuPont"), a Delaware

27   corporation with its principal place of business in Wilmington, Delaware, which served as

28   the operator of Hanford from 1942-1946.  During the same time, DuPont was responsible for

**CLASS ACTION COMPLAINT- 3**
281390.2/614#02!/016058.00001

1 all health and safety services of Richland, Washington and the public's welfare because

2 Richland was a "company town."

3        2.2.2       General Electric Company ("GE"), a New York Corporation with

4 its principal place of business in Fairfield, Connecticut, which, either itself or through its

5 agents, served as the Hanford operator from 1946-1967.  From 1946 until 1959, GE was

6 responsible for all health and safety services of Richland, Washington and the public's

7 welfare because Richland was a "company town."

8        2.2.3       UNC Nuclear Industries, Inc. ("UNC"), a Delaware corporation

9 with its principal place of business in Annapolis, Maryland, is the successor to Douglas

10 United Nuclear, Inc. which, either itself or through its agents, served as the principal

11 operator of the reactors and fuel fabrication plants from 1967 until 1987. UNC has four

12 parent companies: GE Engine Services UNC Holdings, Inc. II, GE Engine Services UNC

13 Holdings, Inc. I, GE Engine Services - Miami, Inc., and General Electric Company.

14        2.2.4       Atlantic Richfield Company ("ARCO"), a Delaware corporation

15 with its principal place of business in Los Angeles, California, which, either itself or through

16 its agents such as Atlantic Richfield-Hanford Company, served as an operator of Hanford

17 from 1967-1977.  Atlantic Richfield-Hanford Company ("ARHCO") is a Delaware

18 corporation with its principal place of business currently unknown, and is wholly owned by

19 ARCO.  Atlantic Richfield operated Hanford's plutonium processing and separations plants,

20 and supervised the operation and maintenance of Hanford's underground waste storage tanks.

21        2.2.5       Rockwell International Corporation ("Rockwell"), a Delaware

22 corporation with its principal place of business in El Segundo, California, which, either itself

23 or through its agents, served as an operator of Hanford from 1977-1987.  Rockwell operated

24 Hanford's plutonium processing and separations plants, and supervised the operation and

25 maintenance of Hanford's underground waste storage tanks. Rockwell has been renamed

26 Boeing, N.A., Inc., and has one parent corporation, The Boeing Company.

27        2.2.6       Isochem, Inc. ("Isochem"), a Washington corporation with its

28 principal place of business in Seattle, Washington , which, either itself or through its agents,

**CLASS ACTION COMPLAINT- 4**
281390.2/614#02!/016058.00001

served as an operator of Hanford from 1965-1967.  Isochem operated Hanford's plutonium processing and separations plants, and supervised the operation and maintenance of Hanford's underground waste storage tanks. Isochem was a joint venture of U.S. Rubber Corp. and Martin-Marietta, Corp.  Martin-Marietta is now known as Lockheed Martin Corp., a Maryland corporation with its principal place of business in Bethesda, Maryland.

2.2.7         Battelle Pacific Northwest National Laboratory ("PNNL" or "Battelle") an Ohio non-profit corporation with its principal place of business in Columbus, Ohio, which, either itself or through its agents, served as a research and development contractor at Hanford from 1965 to the present.

2.2.8         The Hanford Environmental Health Foundation, Inc. ("HEHF"), a Washington non-profit corporation with its principal place of business in Richland, Washington, which, either itself or through its agents, served as a provider of occupational health and other activities at Hanford from 1965 to the present.

2.2.9         Westinghouse Hanford Company ("WHC") a Delaware corporation with its principal place of business currently unknown and which, either itself or through its agents, served as the managing contractor of Hanford from 1987-1996.  WHC operated Hanford's reactors, plutonium processing and separations plants, and supervised the operation and maintenance of Hanford's underground waste storage tanks. WHC is now known as Westinghouse Government Services Company LLC and is a subsidiary of Morrison Knudsen Corp.

2.2.10        Fluor Daniel Hanford, Inc., ("FDH"), a Washington corporation and a subsidiary of Flour Damniel, Inc., a Delaware corporation with its principal place of business in Aliso Viejo, California, which, either itself or through its agents, served as an operator of Hanford from 1996 to the present.  FDH is in charge of managing the work under the Project Hanford Management Contract.

2.2.11        CH2M Hill Hanford Group, Inc. ("CHG"), a Delaware corporation with its principal place of business currently unknown.  CHG is a subsidiary of CH2M Hill Companies, Ltd., an Oregon corporation with its principal place of business in

1   Greenwood Village, Colorado.  CHG is currently responsible for the operation and
2   maintenance of Hanford's underground waste storage tanks.

3       2.3    Each and every defendant has sufficient contacts or ties to the state of
4   Washington so as to subject it to the jurisdiction of this Court.

5       2.4    The Court has jurisdiction pursuant to 28 U.S.C. § 1331 inasmuch as Plaintiffs
6   have alleged liability arising under Federal law, specifically the Constitution of the United
7   States, 42 U.S.C. § 1983, The Nuremberg Code and the laws of humanity, Atomic Energy
8   Act, 42 U.S.C. § 2011 *et seq.*, and the Price-Anderson Act, 42 U.S.C. § 2210 *et seq.*
9   Plaintiffs also seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

10      2.5    The Court has jurisdiction over the non-federal claims arising under the
11  Constitution of the State of Washington, applicable state law based on the doctrines of
12  ancillary and pendent jurisdiction.

13      2.6    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and
14  42 U.S.C. § 9613(b) because the claims arose this Judicial District, and 42 U.S.C. §
15  2210(n)(2) inasmuch as the nuclear incidents and/or extraordinary nuclear occurrences
16  giving rise to Plaintiffs' claims took place in this Judicial District.

17
18                    **III.    CLASS ACTION ALLEGATIONS**

19      3.1    Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23, specifically
20  under 23(a); 23(b)(1)(A); 23(b)(2); and 23(b)(3).

21      3.2    The Class should be divided into the following subclasses:

22          3.2.1    Subclass I:  Persons who lived in Richland, Washington, at Camp
23  Hanford, or otherwise resided within a geographic area under the control of Defendants from
24  1944-1959.

25          3.2.2    Subclass II:  Families, invitees, frequenters or persons who
26  presently have a disease caused by Defendants' conduct and who are not members of
27  Subclass I ("Personal Injury Subclass").

28          3.2.3    Subclass III:  Families, invitees, frequenters or persons who are

**CLASS ACTION COMPLAINT- 6**
281390.2/614#02!/016058.00001

1  not members of Subclass I or II, and  who are at risk of contracting disease caused by

2  Defendants' actions at Hanford and thus require medical monitoring ("Medical Monitoring

3  Subclass").

4      3.3    Plaintiffs believe that because of the number of potential class members that

5  joinder of all members is impracticable.  While the exact number of class members is

6  unknown to Plaintiffs at this time, Plaintiffs believe that there are at least ten thousand

7  members.  In fact, the Agency for Toxic  Substances and Disease Registry estimates that

8  there are 14,000 persons who would qualify under Subclass III.

9      3.4    Among the questions of law and fact common to the members of Subclass I:

10      3.4.1    Whether Defendants are "state actors" and/or "federal actors" for

11  purposes of § 1983 claims or *Bivens* actions.

12      3.4.2    Whether Defendants actions deprived class members of their

13  constitutional rights under the United States Constitution and/or the Constitution for the State

14  of Washington.

15      3.4.3    Whether the Washington Constitution provides greater

16  protections than the United States Constitution and is analyzed independently from the

17  United States Constitution under *Gunwall*.

18      3.4.4    Whether the Defendants are strictly liable for the defective and

19  unreasonably dangerous conditions at Hanford and its safety systems.

20      3.4.5    The causes of the emissions, releases, and leaks of radiation and

21  other hazardous materials and their fiscal impact on the class.

22      3.4.6    Whether any of the Defendants breached their contract with the

23  government.

24      3.4.7    Whether, through its operations, Defendants received a benefit

25  to the detriment of the owners.

26      3.4.8    Whether Defendants's enrichment at the expense of the owners

27  was unjust.

28      3.4.9    The amount of Defendants's unjust enrichment.

**CLASS ACTION COMPLAINT- 7**
281390.2/614#02!/016058.00001

3.4.10     The foreseeability of emissions, releases, and leaks of radioactive and other hazardous material and the fiscal impact on the class.

3.4.11     Whether any of the Defendants failed to warn people of the dangerous conditions at Hanford.

3.4.12     What precautions, if any, were taken after the end of World War II in 1945 to deal with the emissions, releases, and leaks of radiation and other hazardous materials.

3.4.13     Whether the Defendants are liable under 42 U.S.C. §§ 2210(n)(2), 2210(o), or 2210(b).

3.4.14     Whether a "nuclear incident" giving rise to public liability under the Price-Anderson Act occurred at Hanford.

3.4.15     Whether an "Extraordinary Nuclear Occurrence" under the Price-Anderson Act occurred at Hanford.

3.4.16     Whether the Defendants violated and are liable under 18 U.S.C. § 1001.

3.4.17     Whether any of the Defendants acted intentionally, wilfully, recklessly, or with gross negligence in failing to take precautions to warn class members after the first emissions, releases, and leaks of radiation and other hazardous materials at Hanford.

3.4.18     Whether Defendants' misconduct, violations of law, and/or breaches of legal duty caused the injuries alleged by Plaintiffs.

3.4.19     Whether members of the class have sustained damage.

3.4.20     Whether exposure to radiation and other hazardous materials has increased or may increase class members' risk of contracting serious diseases such as cancer or suffering other severe health consequences.

3.4.21     Whether the increased risk makes periodic medical examinations or biological testing reasonably necessary.

3.4.22     Whether monitoring and testing procedures exist which can: (1) detect exposure to contamination so that additional steps to minimize exposure may be

**CLASS ACTION COMPLAINT- 8**
281390.2/614#02!/016058.00001

1  taken; and (2) make early detection and treatment of serious latent diseases possible and

2  beneficial.

3      3.5    Among the common questions of law and fact common to Subclass II are:

4          3.5.1        Whether the Defendants are strictly liable for the defective and

5  unreasonably dangerous conditions at Hanford and its safety systems.

6          3.5.2        The causes of the emissions, releases, and leaks of radiation and

7  other hazardous materials and their fiscal impact on the class.

8          3.5.3        Whether any of the Defendants breached their contract with the

9  government.

10         3.5.4        Whether, through its operations, Defendants received a benefit

11  to the detriment of the owners.

12         3.5.5        Whether Defendants's enrichment at the expense of the owners

13  was unjust.

14         3.5.6        The amount of Defendants's unjust enrichment.

15         3.5.7        The foreseeability of emissions, releases, and leaks of radioactive

16  and other hazardous material and the fiscal impact on the class.

17         3.5.8        Whether any of the Defendants failed to warn the employees of

18  the dangerous conditions at Hanford.

19         3.5.9        What precautions, if any, were taken after the end of World War

20  II in 1945 to deal with the emissions, releases, and leaks of radiation and other hazardous

21  materials.

22         3.5.10       Whether the Defendants are liable under 42 U.S.C. §§

23  2210(n)(2), 2210(o), or 2210(b).

24         3.5.11       Whether a "nuclear incident" giving rise to public liability under

25  the Price-Anderson Act occurred at Hanford.

26         3.5.12       Whether an "Extraordinary Nuclear Occurrence" under the Price-

27  Anderson Act occurred at Hanford.

28         3.5.13       Whether the Defendants violated and are liable under 18 U.S.C.

**CLASS ACTION COMPLAINT- 9**
281390.2/614#02!/016058.00001

1 § 1001.

2         3.5.14      Whether any of the Defendants acted intentionally, wilfully,

3 recklessly, or with gross negligence in failing to take precautions to warn class members after

4 the first emissions, releases, and leaks of radiation and other hazardous materials at Hanford.

5         3.5.15      Whether Defendants' misconduct, violations of law, and/or

6 breaches of legal duty caused the injuries alleged by Plaintiffs.

7         3.5.16      Whether members of the class have sustained damage.

8         3.5.17      Whether Defendants proximately caused radiation and other

9 hazardous materials to be released into the environment where the Plaintiffs could come in

10 contact with them.

11         3.5.18      Whether Plaintiffs have been exposed to radiation and other

12 hazardous materials.

13         3.5.19      Whether Plaintiffs have been diagnosed with a radiogenic

14 disease, including, but not limited to, the diseases identified in Exhibit 1, or were killed

15 because of their exposure to radiation and other hazardous materials.

16         3.5.20      Whether Plaintiffs experienced any pain and suffering because of

17 the diseases caused by radiation and other hazardous materials.

18     3.6     In addition to the common questions of law and fact identified for Subclass II,

19 common questions of law and fact to Subclass III include:

20         3.6.1      Whether class members have been or may be exposed to

21 radiation and other hazardous materials that the Defendants' released.

22         3.6.2      Whether exposure to radiation and other hazardous materials has

23 increased or may increase class members' risk of contracting serious diseases such as cancer

24 or suffering other severe health consequences.

25         3.6.3      Whether the increased risk makes periodic medical examinations

26 or biological testing reasonably necessary.

27         3.6.4      Whether monitoring and testing procedures exist which can:

28 (1) detect exposure to contamination so that additional steps to minimize exposure may be

**CLASS ACTION COMPLAINT- 10**
281390.2/614#02!/016058.00001

1  taken; and (2) make early detection and treatment of serious latent diseases possible and
2  beneficial.

3        3.6.5         The amount of money that is necessary to establish a court-
4  supervised fund to pay for the prudent medical and biological monitoring of Subclass III, the
5  Medical-Monitoring Class.

6        3.7    The class representatives are identified below.  Each representative Plaintiff is
7  a member of the proposed class or subclass that he or she seeks to represent. The claims
8  alleged by each representative Plaintiff are typical of the class that he or she seeks to
9  represent. The claims of the representative Plaintiffs and the claims of the respective class
10  members arise out of the same course of conduct:

11

12            **3.7.1         Subclass I Representatives:**

13                3.7.1.1         Plaintiff NED CHARLES LUMPKIN is a resident of
14  Seattle, Washington.  From 1944-1953, Mr. Lumpkin lived in Richland, Washington.
15  Richland was a "company town" and has been identified as a site where there has been and
16  presently are substantial levels of radioactive and non-radioactive hazardous materials.  As a
17  result of Defendants' misconduct related to operations and maintenance at Hanford described
18  in this Complaint, Plaintiff  Lumpkin's constitutional rights were violated, and he has
19  suffered from thyroid cancer and associated conditions requiring medical treatment.  Plaintiff
20  Lumpkin has also suffered severe physical injury and general pain and suffering, and severe
21  physical and mental pain and suffering, including, but not limited to, his own injuries as well
22  as the emotional pain and suffering.

23                3.7.1.2         Plaintiff ANN TABASINSKE is a resident of Seattle,
24  Washington.  From 1945-1963, Ms. Tabasinske lived in Richland, Washington.  Richland
25  was a "company town" and has been identified as a site where there has been and presently
26  are substantial levels of radioactive and non-radioactive hazardous materials.  As a result of
27  Defendants' misconduct related to operations and maintenance at Hanford described in this
28  Complaint, Plaintiff Tabasinske's constitutional rights were violated, and she  is at significant

1  risk of suffering disease including thyroid disease, cancer, and associated conditions

2  requiring medical treatment. Plaintiff Tabasinske has also suffered emotional distress

3  because of Defendants' conduct.

4          3.7.1.3      Plaintiff CAROLYN THOMAS is a resident of Lake

5  Zurich, Illinois. From 1949-1953, Ms. Thomas lived in Richland, Washington. Richland was

6  a "company town" and has been identified as a site where there has been and presently are

7  substantial levels of radioactive and non-radioactive hazardous materials. As a result of

8  Defendants' misconduct related to operations and maintenance at Hanford described in this

9  Complaint, Plaintiff Thomas's constitutional rights were violated, she is at significant risk of

10  suffering disease including thyroid disease, cancer, and associated conditions requiring

11  medical treatment, and she has suffered physical injury and general pain and suffering, and

12  severe physical and mental pain and suffering, including, but not limited to, his own injuries

13  as well as the emotional pain and suffering.

14          3.7.1.4      Plaintiff GAIL DRAKE is a resident of Portland, Oregon.

15  From 1953-1956, Ms. Drake lived in Richland, Washington. Richland was a "company

16  town" and has been identified as a site where there has been and presently are substantial

17  levels of radioactive and non-radioactive hazardous materials. As a result of Defendants'

18  misconduct related to operations and maintenance at Hanford described in this Complaint,

19  Plaintiff Drake's constitutional rights were violated, and she has suffered from thyroid cancer

20  and associated conditions requiring medical treatment. Plaintiff Drake also suffered severe

21  physical injury and general pain and suffering, and severe physical and mental pain and

22  suffering, including, but not limited to, his own injuries as well as the emotional pain and

23  suffering.

24

25      **3.7.2**      **Subclass II Representatives:**

26          3.7.2.1      Plaintiff CAROLE BENSHAW is a resident of Calabasas,

27  California. During all times relevant to this lawsuit, Ms. Benshaw lived in geographic

28  proximity to Hanford which has been identified as a site where there has been and presently

**CLASS ACTION COMPLAINT- 12**
281390.2/614#02!/016058.00001

1   are substantial levels of radioactive and non-radioactive hazardous materials.  As a result of

2   Defendants' misconduct described in this Complaint, Plaintiff Benshaw has suffered from

3   cancers and associated conditions requiring medical treatment.  Plaintiff Benshaw has also

4   suffered severe physical injury and general pain and suffering, and severe physical and

5   mental pain and suffering, including, but not limited to, her own injuries as well as the

6   emotional pain and suffering because of the Defendants' misconduct set forth herein.

7           3.7.2.2      Plaintiff AMY ROBINSON is a resident of Irvine,

8   California.  During all times relevant to this lawsuit, Ms. Robinson lived in geographic

9   proximity to Hanford which has been identified as a site where there has been and presently

10  are substantial levels of radioactive and non-radioactive hazardous materials.  As a result of

11  Defendants' misconduct described in this Complaint, Plaintiff Robinson has suffered from

12  cancers and associated conditions requiring medical treatment.  Plaintiff Robinson has also

13  suffered severe physical injury and general pain and suffering, and severe physical and

14  mental pain and suffering, including, but not limited to, her own injuries as well as the

15  emotional pain and suffering because of the Defendants' misconduct set forth herein.

16          3.7.2.3      Plaintiff SUZIE FOX is a resident of Gresham, Oregon.

17  During all times relevant to this lawsuit, Ms. Fox lived in geographic proximity to Hanford

18  which has been identified as a site where there has been and presently are substantial levels

19  of radioactive and non-radioactive hazardous materials.  As a result of Defendants'

20  misconduct described in this Complaint, Plaintiff Fox has suffered from cancers and

21  associated conditions requiring medical treatment.  Plaintiff Fox has also suffered severe

22  physical injury and general pain and suffering, and severe physical and mental pain and

23  suffering, including, but not limited to, her own injuries as well as the emotional pain and

24  suffering because of the Defendants' misconduct set forth herein.

25          3.7.2.4      Plaintiff ANN MARIE BRIGHT is a resident of King

26  County, Washington.  During all times relevant to this lawsuit, Ms. Bright lived in

27  geographic proximity to Hanford which has been identified as a site where there has been

28  and presently are substantial levels of radioactive and non-radioactive hazardous materials.

**CLASS ACTION COMPLAINT- 13**
281390.2/614#02!/016058.00001

1    As a result of Defendants' misconduct described in this Complaint, Plaintiff Bright has

2    suffered from thyroid disease and associated conditions requiring medical treatment.

3    Plaintiff Bright has also suffered severe physical injury and general pain and suffering, and

4    severe physical and mental pain and suffering, including, but not limited to, her own injuries

5    as well as the emotional pain and suffering because of the Defendants' misconduct set forth

6    herein.

7            3.7.2.5    Plaintiff GARY M. WEDERSPAHN is a resident of

8    Boulder, Colorado. During all times relevant to this lawsuit, Mr. Wederspahn lived in

9    geographic proximity to Hanford which has been identified as a site where there has been

10    and presently are substantial levels of radioactive and non-radioactive hazardous materials.

11    As a result of Defendants' misconduct described in this Complaint, Plaintiff Wederspahn has

12    suffered from thyroid cancer and associated conditions requiring medical treatment. Plaintiff

13    Wederspahn has also suffered severe physical injury and general pain and suffering, and

14    severe physical and mental pain and suffering, including, but not limited to, his own injuries

15    as well as the emotional pain and suffering because of the Defendants' misconduct set forth

16    herein.

17            3.7.2.6    Plaintiff KAREN L. RAY is a resident of Spokane

18    County, Washington. During all times relevant to this lawsuit, Ms. Ray lived in geographic

19    proximity to Hanford which has been identified as a site where there has been and presently

20    are substantial levels of radioactive and non-radioactive hazardous materials. As a result of

21    Defendants' misconduct described in this Complaint, Plaintiff Ray has suffered from thyroid

22    disease and associated conditions requiring medical treatment. Plaintiff Ray has also

23    suffered severe physical injury and general pain and suffering, and severe physical and

24    mental pain and suffering, including, but not limited to, her own injuries as well as the

25    emotional pain and suffering because of the Defendants' misconduct set forth herein.

26            3.7.2.7    Plaintiff PATRICIA JEAN ZUMWALT is a resident of

27    Congress, Arizona. During all times relevant to this lawsuit, Ms. Zumwalt lived in

28    geographic proximity to Hanford which has been identified as a site where there has been

**CLASS ACTION COMPLAINT- 14**
281390.2/614#02!/016058.00001

and presently are substantial levels of radioactive and non-radioactive hazardous materials. As a result of Defendants' misconduct described in this Complaint, Plaintiff Zumwalt has suffered from cancers and associated conditions requiring medical treatment.  Plaintiff Zumwalt has also suffered severe physical injury and general pain and suffering, and severe physical and mental pain and suffering, including, but not limited to, her own injuries as well as the emotional pain and suffering because of the Defendants' misconduct set forth herein.

    3.7.2.8    Plaintiff ANITA WETMORE is a resident of Glenwood, Washington. During all times relevant to this lawsuit, Ms. Wetmore lived in geographic proximity to Hanford which has been identified as a site where there has been and presently are substantial levels of radioactive and non-radioactive hazardous materials.  As a result of Defendants' misconduct described in this Complaint, Plaintiff Wetmore has suffered from cancers and associated conditions requiring medical treatment.  Plaintiff Wetmore has also suffered severe physical injury and general pain and suffering, and severe physical and mental pain and suffering, including, but not limited to, her own injuries as well as the emotional pain and suffering because of the Defendants' misconduct set forth herein.

    3.7.2.9    Plaintiff PETE WETMORE is a resident of Glenwood, Washington.  During all times relevant to this lawsuit, Mr. Wetmore lived in geographic proximity to Hanford which has been identified as a site where there has been and presently are substantial levels of radioactive and non-radioactive hazardous materials.  As a result of Defendants' misconduct described in this Complaint, Plaintiff Wetmore has suffered from cancers and associated conditions requiring medical treatment.  Plaintiff Wetmore has also suffered severe physical injury and general pain and suffering, and severe physical and mental pain and suffering, including, but not limited to, his own injuries as well as the emotional pain and suffering because of the Defendants' misconduct set forth herein.

    3.7.2.10    Plaintiff BERTHA CLARK is a resident of Hemet, California.  During all times relevant to this lawsuit, Ms. Clark lived in geographic proximity to Hanford which has been identified as a site where there has been and presently are substantial levels of radioactive and non-radioactive hazardous materials.  As a result of

**CLASS ACTION COMPLAINT- 15**
281390.2/614#02!/016058.00001

1  Defendants' misconduct described in this Complaint, Plaintiff Clark has suffered from
2  cancers and associated conditions requiring medical treatment.  Plaintiff Clark has also
3  suffered severe physical injury and general pain and suffering, and severe physical and
4  mental pain and suffering, including, but not limited to, her own injuries as well as the
5  emotional pain and suffering because of the Defendants' misconduct set forth herein.

6          3.7.2.11      Plaintiff CECIL CLARK (deceased) was a resident of
7  Hemet, California.  During all times relevant to this lawsuit, Ms. Clark lived in geographic
8  proximity to Hanford which has been identified as a site where there has been and presently
9  are substantial levels of radioactive and non-radioactive hazardous materials.  As a result of
10  Defendants' misconduct described in this Complaint, Plaintiff Clark suffered from cancers
11  and associated conditions requiring medical treatment.  Plaintiff Clark also suffered severe
12  physical injury and general pain and suffering, and severe physical and mental pain and
13  suffering, including, but not limited to, his own injuries as well as the emotional pain and
14  suffering because of the Defendants' misconduct set forth herein.

15          3.7.2.12      Plaintiff KAREN SCHNEIDER is a resident of Woodland
16  Hills, California.  During all times relevant to this lawsuit, Ms. Schneider lived in geographic
17  proximity to Hanford which has been identified as a site where there has been and presently
18  are substantial levels of radioactive and non-radioactive hazardous materials.  As a result of
19  Defendants' misconduct described in this Complaint, Plaintiff Schneider has suffered from
20  cancers and associated conditions requiring medical treatment.  Plaintiff Schneider has also
21  suffered severe physical injury and general pain and suffering, and severe physical and
22  mental pain and suffering, including, but not limited to, her own injuries as well as the
23  emotional pain and suffering because of the Defendants' misconduct set forth herein.

24

25      **3.7.3**        **Subclass III Representatives:**

26          3.7.3.1      Plaintiff SHANNON STENBERG is a resident of Ormond
27  Beach, Florida.  During all times relevant to this lawsuit, Ms. Stenberg lived in geographic
28  proximity to Hanford which has been identified as a site where there has been and presently

**CLASS ACTION COMPLAINT- 16**
281390.2/614#02!/016058.00001

1  are substantial levels of radioactive and non-radioactive hazardous substances.  As a result of
2  Defendants' misconduct in releasing radioactive and other hazardous materials at Hanford,
3  Plaintiff Stenberg is at significant risk of suffering disease including thyroid disease, cancer,
4  and associated conditions requiring medical treatment.  Plaintiff Stenberg has also suffered
5  emotional distress because of Defendants' conduct.

6      3.8    A class under 23(b)(1)(A) is appropriate because the prosecution of separate
7  actions by individual members of the class would create a risk of inconsistent or varying
8  adjudications with respect to individual members of the class which would establish
9  incompatible standards of conduct for the party opposing the class because, in addition to
10  monetary damages, Plaintiffs are seeking to establish the rights and duties of Defendants
11  with respect to various federal, state, and local statutes and regulations concerning the
12  regulation of radioactive and/or other hazardous materials and constituents.

13      3.9    A class under 23(b)(2) is appropriate because the Defendants have acted, and
14  refused to act, uniformly with respect to the Medical Monitoring Class, thereby making
15  appropriate final injunctive relief with respect to this class as a whole.

16      3.10   A class under 23(b)(2) is appropriate because the Defendants have acted, and
17  refused to act, uniformly with respect to the Class, thereby making appropriate final
18  injunctive relief with respect to this class as a whole.  This is demonstrated by the continued
19  emissions, releases, and leaks of radioactive and other hazardous materials and constituents
20  thereby exposing employees, frequenters, invitees, and their families, and the surrounding
21  environment and properties to hazards for which injunctive or other equitable relief is
22  appropriate.

23      3.11   A class under 23(b)(3) is appropriate because the questions of law and fact
24  common to the members of each class and subclass predominate over any questions affecting
25  only individual members.

26      3.12   A class under 23(b)(3) is appropriate because the questions a class action is
27  superior to other available remedies for the fair and efficient adjudication of the claims
28  presented in this complaint, and would prevent the undue financial, administrative, and

**CLASS ACTION COMPLAINT- 17**
281390.2/614#02!/016058.00001

1  procedural burdens on the parties and on the court that hundreds of individual litigants would

2  otherwise impose.

## IV.  FACTUAL ALLEGATIONS COMMON TO ALL CLASS MEMBERS

4.1    Defendants have been knowingly and systematically irradiating and poisoning people living downwind and downriver from Hanford since the day the first reactor at Hanford came on-line, September 26, 1944. And since that first day, Defendants have failed to warn the public of the dangers they created by irradiating them and intentionally concealed from the harmed public the existence of the hazardous releases and the pathways of exposure.

4.2    Defendants' disregard for the lives and the fundamental rights of others "shocks the conscience."

4.3    Radiation is one of the deadliest substances in the world.   There is no completely safe dose. Any exposure carries a certain risk.

4.4    The Hanford Nuclear Reservation was created by the United States in 1943 for the purpose of producing plutonium and other materials for nuclear weapons. At all times relevant, at least one Defendant contracted with the United States to operate Hanford. From 1944 to the early 1970s and up to the present, radioactive and other hazardous materials were released, emitted, or negligently permitted to leak into the air, surface and ground waters, and soil. These radioactive and hazardous materials include, but are not limited to, radionuclides (radioactive elements) such as plutonium-239/240, ruthenium-103,-106, tritium (H-3), uranium-233,-235, iodine-131,-133, phosphorus-32, neptunium-239, cobalt-60, zinc-65, arsenic-76, manganese-56, copper-64, sodium-24, chromium-51, cesium-137, strontium-90 and krypton-85, all of which were produced by the processes Defendants' conducted at Hanford. These materials are extremely hazardous carcinogens and are known to cause the diseases and illnesses identified in Exhibit 1 and others. Exposure to these materials has also created a reasonable fear of contracting the diseases and illnesses identified herein.

4.5    The unwanted entrance of radioactive and other hazardous materials referred to

**CLASS ACTION COMPLAINT- 18**
281390.2/614#02!/016058.00001

1    herein into Plaintiffs' bodies have caused various physical injuries, general pain and
2    suffering, physical and mental pain and suffering, and illness.

3        4.6    Certain defendants undertook many of the services vital to Richland and
4    surrounding communities including, but not limited to, the fire department, police
5    department, city government, schools, construction and infrastructure, and medical facilities
6    and doctors.

7        4.7    Defendants have been in the business of manufacturing, processing, storing,
8    disposing, releasing and otherwise handling radioactive and non-radioactive toxic materials
9    at times relevant to this lawsuit.

10        4.8    Defendants have failed to comply with many requirements, statutes and
11    regulations of the state of Washington and the federal government in the operation of the
12    Hanford facility, and otherwise have failed to thoroughly acquaint themselves with the latest
13    knowledge and technology associated with their activities referred to in this complaint.

14        4.9    Defendants have been aware during the aforementioned time periods of the fact
15    they were releasing radioactive and other hazardous materials into the air, waters, and
16    ground. Defendants failed and refused to take sufficient remedial measures to abate or
17    lessen the emissions, releases of the toxic and hazardous material, even though they were
18    aware of the significant health risks to the Plaintiffs associated with the releases in this case
19    and the general public.

20        4.10    Defendants failed and refused to conduct adequate monitoring of releases of
21    radioactive substances from Hanford operations including, but not limited to, release from
22    the reactors, the separations facilities, other processing plants, storage basins, underground
23    tanks, spills and leaks. This failure prevented the general public, government agencies, and
24    Plaintiffs from obtaining accurate information regarding the type and extent of radiation
25    released from Hanford that they were exposed to and the concomitant health risks.

26        4.11    Defendants failed and refused to conduct adequate offsite monitoring of the air,
27    water, and ground to ascertain the amount of radioactive materials present in all geographic
28    areas wherein people, crops and livestock were exposed, thereby preventing the general

**CLASS ACTION COMPLAINT- 19**
281390.2/614#021/016058.00001

1  public, relevant government agencies, and the Plaintiffs of the ability to know the extent of

2  their exposure and the concomitant health risks they faced from such exposure.

3      4.12    Defendants failed and refused to monitor the dose of radiation and other

4  hazardous materials to persons who Defendants knew, or should have known, were exposed

5  thereby depriving those persons of information regarding the health risks that they faced and

6  resulting in Plaintiffs being prevented by the Defendants from minimizing their health risks.

7      4.13    Defendants' failure to monitor releases, to monitor offsite contamination and to

8  monitor the doses of radiation received by Plaintiffs and others prevented Plaintiffs from

9  being able to accurately measure the dose of radiation that they received. Such failures on the

10  part of the Defendants have necessitated both public and private dose reconstruction projects

11  to attempt to ascertain the amount of radiation released from Hanford and the concomitant

12  doses and health risks received by the Plaintiffs and other members of the public.

13      4.14    The actions of the Defendants described in this Complaint were designed to

14  (and did) deprive Plaintiffs and others of accurate information regarding the dangers they

15  were exposed to.

16      4.15    Defendants and each of them have withheld from the general public and

17  Plaintiffs the fact of and extent to which there have been emissions from Hanford, and, in

18  some instances, purposely deceived the public regarding both the fact of the emissions and

19  the adverse health effects which were caused by those emissions.

20      4.16    Defendants' failure to notify Plaintiffs of the health risks of the emissions and

21  the amount of radiation they were exposed to resulted in Plaintiffs being deprived of

22  information of life and death importance to them and deprived Plaintiffs of an opportunity to

23  limit their exposure to the hazardous emissions.  Plaintiffs could not have reasonably

24  determined the cause or extent of their injuries until recently, and were deprived of an

25  opportunity to seek early medical examinations which could have resulted in early detection

26  of diseases (such as cancers) at more successfully treatable stages.

27      4.17    The failure of Defendants to operate Hanford in a safe manner was the

28  proximate cause of Plaintiffs' injuries.

**CLASS ACTION COMPLAINT- 20**
281390.2/614#02!/016058.00001

1

2      ## V.   CLASS & INDIVIDUAL CLAIMS FOR RELIEF

3      ## CAUSES OF ACTON ARISING UNDER THE CONSTITUTION

4      **FIRST CAUSE OF ACTION:  VIOLATION OF THE SUBSTANTIVE DUE
       PROCESS RIGHT TO BODILY INTEGRITY**

5

6          5.1     Paragraphs 1 through 5.1 are hereby realleged and incorporated by reference.

7          5.2     From 1944-1959, Defendants DuPont and General Electric performed

8      government functions in Richland, Washington, and thus were instrumentalities of the State

9      of Washington and/or the United States of America.

10         5.3     By their conduct of knowingly exposing and using humans as repositories for

11     their radionuclides without their knowledge or consent, Defendants have deprived Plaintiffs

12     of their constitutional right to bodily integrity, protected by the Fifth and Fourteenth

13     Amendments of the United States Constitution and as that right has been developed and

14     characterized in the courts, in violation of 42 U.S.C. § 1983 or actionable under *Bivens*.

15

16     **SECOND CAUSE OF ACTION:  VIOLATION OF THE SUBSTANTIVE DUE
       PROCESS RIGHT TO ACCESS TO THE COURTS**

17

18         5.4     Plaintiffs reallege all preceding paragraphs.

19         5.5     Defendants failed to disclose the radioactive and other hazardous emissions

20     and health risks associated with living in Richland, working at the plant, residing in the

21     vicinity of Hanford.  Over the 50-plus years of Defendants' deception much evidence has

22     been lost or destroyed, witnesses have died or are otherwise unavailable, and memories have

23     faded.  Consequently, Plaintiffs' claims have been substantially compromised by Defendants'

24     conduct in violation of Plaintiffs' constitutional guarantees.

25

26     ## THIRD CAUSE OF ACTION:  PROCEDURAL DUE PROCESS VIOLATION

27         5.6     Plaintiffs reallege all preceding paragraphs.

28         5.7     By their conduct, Defendants deprived Plaintiffs of their constitutional right to

**CLASS ACTION COMPLAINT- 21**
281390.2/614#02!/016058.00001

1   access to the courts, protected by the Fifth and Fourteenth Amendments of the United States

2   Constitution, in violation of 42 U.S.C. § 1983 or otherwise actionable under *Bivens*.   In

3   particular, Defendants active concealment of the known dangers posed by the plutonium

4   production process at Hanford, the emissions, releases, and leaks of radioactive and other

5   hazardous materials, and the ongoing secret studies conducted using Plaintiffs or their property

6   as subjects for the last 50 years, have substantially jeopardized the evidence needed for

7   Plaintiffs' claims and usurped their opportunity to be heard.   Individuals have died, people have

8   moved from the region, reports have been lost or destroyed, and memories have faded so

9   substantially that many claims will never be filed.

10        **FOURTH CAUSE OF ACTION:  EQUAL PROTECTION VIOLATION**

11        5.8     Plaintiffs reallege all preceding paragraphs.

12        5.9     Defendants, by their conduct, deprived Plaintiffs of equal protection of the laws,

13   actionable under  42 U.S.C. § 1983.  In particular, Defendants intentionally chose not to warn

14   the citizens they were obliged to protect, contractually and otherwise, of the fundamental health

15   risks posed by plutonium production and waste storage at Hanford. Private actors performing

16   a public function cannot, as a matter of law, arbitrarily deprive citizens of equal protection of

17   the laws.

18

19   **FIFTH CAUSE OF ACTION: CONSPIRACY TO VIOLATE THE CONSTITUTION**
     **OF THE UNITED STATES**

20        5.10    Plaintiffs reallege all preceding paragraphs.

21        5.11    The United States, in concert with the Defendants and others, conspired to keep

22   the truth of Hanford and its danger a secret and made direct and systematic efforts to control

23   public opinion and knowledge of the dangers related to Hanford.  The government's failure to

24   disclose and warn the public of the potential danger and their outright lies concerning the

25   public's safety, prohibited the public the opportunity to protect itself.  Through the silence,

26   promises of safety and gainful employment, the government held the population captive to be

27   used as receptacles for radiation, without their knowledge or consent in direct violation of

28   guarantees to life, liberty, and property protected by the Constitution of the United States and

**CLASS ACTION COMPLAINT- 22**

281390.2/614#02!/016058.00001

in contravention of the laws of humanity.

## SIXTH CAUSE OF ACTION: VIOLATION OF RIGHTS UNDER WASHINGTON STATE CONSTITUTION

5.12    Plaintiffs reallege all preceding paragraphs.

5.13    By Defendants' actions and omissions, they have violated the constitutional rights of Washington citizens as guaranteed under the Washington Constitution, including, but not limited to Article I, §§ 3, 7, 12, or 32. Under *Gunwall*, these rights may be more protective than the federal constitutional guarantees. Thus, plaintiffs reallege the constitutional violations and restate each one individually as a state constitutional violation. Damages will be proved at trial.

## CAUSES OF ACTION ARISING UNDER STATE LAW OR THE PRICE-ANDERSON ACT

## SEVENTH CAUSE OF ACTION: NEGLIGENCE

5.14    Plaintiffs reallege all preceding paragraphs.

5.15    Defendants have breached numerous legal duties owed to Plaintiffs because they negligently, carelessly, and recklessly generated, handled, stored, treated, disposed of, and/or failed to control and contain radioactive and other hazardous materials. This has resulted in the actual and continued releases of such substances into the surrounding inhabited environment, and thereby subjected Plaintiffs to an unreasonable risk of harm and to injuries to their persons.

5.16    At all relevant times, Defendants were under contract with the United States government.

5.17    At all relevant times, Defendants operated and were responsible for the operation and maintenance of Hanford. Defendants accumulated, handled, processed, treated, stored, buried and otherwise disposed of significant quantities of radioactive and other hazardous materials on and off the Hanford Nuclear Reservation.

5.18    Defendants knew or should have known that the failure to control and contain the radiation and hazardous materials properly would result in damage to workers, their families and others who spent extended periods of time at Hanford, or downwind or downstream from

CLASS ACTION COMPLAINT- 23
281390.2/614#021/016058.00001

Hanford.

5.19    The gross contamination of Hanford by these Defendants was proximately caused and its results aggravated by the negligent acts and/or omissions of Defendants, including, but not limited to, the following:

5.19.1    Permitting the emissions, releases, and leaks of radiation and other hazardous materials from Hanford to occur;

5.19.2    Failing to determine where and how the emissions, releases, and leaks of radiation and other hazardous materials occurred and in failing to correct the problems to prevent further leakage;

5.19.3    Failing to provide adequate containment of the radioactive and other hazardous materials;

5.19.4    Failing to hold irradiated fuel in storage basins sufficient to permit the iodine-131 to decay;

5.19.5    Failing to exercise ordinary and reasonable care to protect persons and property subject to injury in nuclear incidents such as the releases from Hanford in accordance with RCW 4.24.460;

5.19.6    Failing to warn or otherwise notify Plaintiffs in a timely and adequate manner of such emissions, releases, and leaks of radiation and other hazardous materials from Hanford, the extent of the contamination, and potential health effects thereof, and because Defendants' duty to warn continues even after one is no longer exposed to the danger, all Defendants continue to violate the law through their continued silence;

5.19.7    Failing to test the effects associated with the production process breached their duty to resolve all basic, preventable scientific uncertainties prior to making and marketing a product so as to ensure that it is safe;

5.19.8    Failing to take remedial action to contain and clean up such contamination and to prevent recurring releases;

5.19.9    Failing to train and supervise their employees properly to ensure that necessary safeguards and procedures would be followed in the event that any emissions,

CLASS ACTION COMPLAINT- 24
281390.2/614#02!/016058.00001

1   releases, and leaks of radiation and other hazardous materials from Hanford occurred; and

2        5.19.10      Failing to diagnose and treat workers and civilian population who

3   were exposed to radioactive and/or hazardous materials or constituents.

4        5.19.11      Failing  to warn of the dangers from the radiation emissions,

5   releases, and leaks has caused a substantial reduction in the Plaintiffs' life expectancy and

6   chance to survive.

7   5.20   As a direct and proximate result of the above negligence, Plaintiffs and members

8   of the class have been damaged.  The damage includes, but is not limited to, loss of income, loss

9   of jobs, diminished ability to secure employment or insurance, emotional distress including fear

10  of cancer and other diseases, and contamination of property.

11

12  **EIGHTH CAUSE OF ACTION: STRICT LIABILITY FOR ABNORMALLY**
    **DANGEROUS ACTIVITY**

13

14  5.21   Plaintiffs reallege all preceding paragraphs.

15  5.22   The receipt, accumulation, storage, handling and processing, together with the

16  burial and/or disposal of radioactive and/or ultra hazardous materials or constituents

17  constitute abnormally dangerous activities.

18  5.23   These abnormally dangerous activities necessarily involve serious risk of harm

19  to the person, land or chattels of another, and cannot be eliminated by the exercise of due

20  care, nor are they a matter of common usage.

21  5.24   Defendants are therefore strictly liable to Plaintiffs and members of the class

22  for all damages which have resulted and will result from the Defendants' activities at

23  Hanford.

24  5.25   As a direct and proximate result of the Defendants' abnormally dangerous

25  enterprise and their resulting failure to contain radioactive and/or hazardous materials or

26  constituents, Plaintiffs and class members have been damaged.

27

28  **NINTH CAUSE OF ACTION: TRESPASS**

**CLASS ACTION COMPLAINT- 25**
281390.2/614#02!/016058.0000l

5.26   Plaintiffs reallege all preceding paragraphs.

5.27   Defendants have trespassed through unlawful and wrongful entry and damage to Plaintiffs' land by depositing airborne particles of radiation and other hazardous materials on the Plaintiffs' properties without their permission or invitation. This trespass has caused actual and substantial damage to the Plaintiffs' properties, and has interfered with the Plaintiffs' exclusive possession of their properties. This trespass is ongoing.

5.28   Defendants have trespassed through unlawful and wrongful entry and damage to Plaintiffs' bodies by depositing airborne particles of radiation and other hazardous materials into Plaintiffs' bodies without their permission or invitation. This trespass has caused actual and substantial damage to the Plaintiffs, and has interfered with the Plaintiffs' exclusive right to control their person. This trespass is ongoing.

5.29   Defendants are liable for all damages proximately caused by its trespass. The amount of these damages will be proved at trial.

## TENTH CAUSE OF ACTION: NUISANCE

5.30   Plaintiffs reallege all preceding paragraphs.

5.31   Defendants, by depositing and by not removing airborne particles of radionuclides and other hazardous materials upon the Plaintiffs' properties, proximately caused an invasion of the Plaintiffs' interest in the private use and enjoyment of their lands, which was intentional, unreasonable and actionable under law. These actions have created both a common law private nuisance under Washington law and a statutory private nuisance under RCW 7.48 *et seq.*  This private nuisance is ongoing.

5.32   Defendants, by depositing and by not removing airborne particles of radionuclides and other hazardous materials upon the Plaintiffs' properties in the geographic vicinity of Hanford, proximately caused an unlawful and unreasonable interference with a right common to the public. These actions have created a common law public nuisance under RCW 7.48.130, RCW 7.48.210, and RCW 9.66.010.  This public nuisance is ongoing.

5.33   Defendants have operated Hanford in violation of state and/or federal laws,

CLASS ACTION COMPLAINT- 26
281390.2/614#02!/016058.00001

1  standards, and/or regulations, which conduct constitutes a nuisance per se. This nuisance is

2  ongoing.

3      5.34   Defendants are liable for all damages proximately caused by its nuisance.  The

4  damages include, but are not limited to, exposure to radioactive and/or other hazardous

5  materials, loss of jobs, loss of income, diminished ability to secure employment and

6  insurance, and emotional distress including increased fear of cancer or other diseases, and

7  contamination of Plaintiffs' personal property. The amount of the damages will be proved at

8  trial.

9

10  **ELEVENTH CAUSE OF ACTION: MISREPRESENTATION AND FRAUD**

11      5.35   Plaintiffs reallege all preceding paragraphs.

12      5.36   Defendants at all times relevant hereto maintained a continuing economic

13  interest in the operation of Hanford.

14      5.37   Defendants failed, both negligently and intentionally, to disclose to Plaintiffs

15  material facts concerning the nature, magnitude, and effects of the exposure of Plaintiffs to

16  radioactive and/or other hazardous materials and constituents stored, handled, processes, or

17  disposed of at Hanford.

18      5.38   Defendants made affirmative representations of material facts concerning the

19  nature, quantity, and effects of the release of, and exposure to radioactive and/or other

20  hazardous materials or constituents stored, handled, processed, or disposed of at the Hanford.

21      5.39   Defendants concealed, misrepresented, and failed to disclose the truth with the

22  intention of creating a false impression of the actual facts in the minds of Plaintiffs and with

23  the intention that Plaintiffs would refrain from seeking redress or pursuing remedial action.

24      5.40   As a matter of policy, Defendants conspired to conceal and misrepresent the

25  true conditions at Hanford and the effects thereof.

26      5.41   Plaintiffs reasonably believed Defendants' misrepresentations and reasonably

27  relied upon them in refraining until the present from seeking redress or taking precautions.

28      5.42   As a further result of Defendants' deception and fraud, Plaintiffs and other

**CLASS ACTION COMPLAINT- 27**
281390.2/614#02!/016058.00001

members of the class have suffered other damage including, but not limited to, exposure to
radioactive and/or hazardous materials, loss of income, loss of jobs, diminished ability to
secure employment and insurance, and emotional distress including, but not limited to,
increased fear of cancer or other diseases, and contamination of Plaintiffs' personal property.
These damages will be proved at trial.

## TWELFTH CAUSE OF ACTION: OUTRAGE

5.43    Plaintiffs reallege all preceding paragraphs.

5.44    Defendants actions and omissions in the operation of Hanford were so reckless,
wanton, intentional and immoral, as to compel a reasonable person in the community to
declare the same as atrocious, beyond decency, and utterly intolerable in a civilized society
so as to constitute outrageous conduct and/or intentional infliction of emotional distress to
the plaintiffs and the communities downwind from Hanford.

5.45    As a result of the Defendants' outrageous conduct, Plaintiffs have suffered
physical injuries, general pain and suffering and severe physical and mental pain and
suffering as set forth in this complaint in amounts to be proven at trial.

## THIRTEENTH CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

5.46    Plaintiffs reallege all preceding paragraphs.

5.47    As a result of Defendants' negligence and misconduct in releasing radioactive
and non-radioactive hazardous materials from Hanford, Plaintiffs have suffered severe
physical injury, general pain and suffering and severe emotional distress, including but not
limited to fear of cancer and/or additional cancers.

5.48    Defendants' negligent infliction of emotional distress caused injuries to
plaintiffs for which they seek damages as described herein and will be proved at trial.

## FOURTEENTH CAUSE OF ACTION: ASSAULT

**CLASS ACTION COMPLAINT- 28**
281390.2/614#02!/016058.00001

1     5.49    Plaintiffs reallege all preceding paragraphs.

2     5.50    Defendants have committed an assault by the continued threat of release of

3     radiation into the environment inhabited by Plaintiffs.

4     5.51    As a direct and proximate result of Defendants' assault, Plaintiffs and members

5     of the class have been damaged.  The damage includes, but is not limited to, loss of income,

6     loss of jobs, diminished ability to secure employment or insurance, personal injuries, pain

7     and suffering, emotional distress including fear of cancer and other diseases, and

8     contamination of property. These damages will be proved at trial.

9

10              **FIFTEENTH CAUSE OF ACTION: BATTERY**

11    5.52    Plaintiffs reallege all preceding paragraphs.

12    5.53    Defendants have committed a battery by their release of radiation and other

13    hazardous materials into the environment inhabited by Plaintiffs knowing that such

14    radioactive elements would have an effect upon Plaintiffs and become lodged in their bodies,

15    continuing to detrimentally impact Plaintiffs.

16    5.54    As a direct and proximate result of Defendants' battery, Plaintiffs and members

17    of the class have been damaged.  The damage includes, but is not limited to, loss of income,

18    loss of jobs, diminished ability to secure employment or insurance, personal injuries, pain

19    and suffering, emotional distress including fear of cancer and other diseases, and

20    contamination of property. These damages will be proved at trial.

21

22              **SIXTEENTH CAUSE OF ACTION: BREACH OF CONTRACT**

23    5.55    Plaintiffs reallege all preceding paragraphs.

24    5.56    The contract between Defendants and the United States government (through

25    the Atomic Energy Commission and its successor agencies) required the Defendants to take

26    all reasonable steps necessary to protect the health and safety of employees and members of

27    the public.

28    5.57    Defendants were also required by the contract to comply with all applicable

**CLASS ACTION COMPLAINT- 29**
281390.2/614#02!/016058.00001

1  laws, regulations and ordinances of the United States and of the State, territory and political
2  subdivision in which the work under said contract was to be performed.

3      5.58    Defendants willfully and repeatedly breached the terms of their contract with
4  the United States government to the detriment of Plaintiffs and other members of the class,
5  resulting in exposure to radioactive and other hazardous materials in excess of the limits
6  established by the federal government and the State of Washington.

7      5.59    As a direct and proximate result of the Defendants' breach of their contract
8  with the United States government, Plaintiffs and other members of the class, as third- party
9  beneficiaries to the contract, have been damaged.  This damage includes, but is not limited
10  to, exposure to radioactive and/or other hazardous materials, loss of jobs, loss of income,
11  diminished ability to secure employment and insurance, and emotional distress including
12  increased fear of cancer or other diseases, and contamination of Plaintiffs' personal property.
13  Damages will be proved at trial.

14

15          **SEVENTEENTH CAUSE OF ACTION: UNJUST ENRICHMENT**

16      5.60    Plaintiffs reallege all preceding paragraphs.

17      5.61    By operating Hanford in a way that allowed radiation and other hazardous
18  materials to accumulate on Plaintiffs' property and in Plaintiffs' bodies, Defendants received
19  the following benefits: (1) Defendants were able to operate Hanford without having to
20  control dangerous emissions, releases, leaks, thus avoiding substantial pollution control
21  costs, and (2) they stored radiation and other hazardous materials on Plaintiffs' properties and
22  within Plaintiffs' bodies, thus avoiding the costs of collecting the radiation and other
23  hazardous materials and storing and/or disposing of the hazardous materials elsewhere.

24      5.62    Defendants obtained these benefits to the detriment of Plaintiffs.

25      5.63    Defendants enrichment at the expense of Plaintiffs was unjust.  Plaintiffs
26  should be compensated for these unjust enrichments in an amount to be proved at trial.

27

28          **EIGHTEENTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY**

CLASS ACTION COMPLAINT- 30
281390.2/614#02!/016058.00001

1    5.64    Plaintiffs reallege all preceding paragraphs.

2    5.65    Defendants assumed a fiduciary responsibility for the local citizens.  As a

3    direct and proximate result of the failure of Defendants to comply with their duties of care

4    and good faith, Plaintiffs and other members of the class have suffered damage including, but

5    not limited to, exposure to radioactive and/or hazardous materials, loss of income, loss of

6    jobs, diminished ability to secure employment and insurance, and emotional distress

7    including, but not limited to, increased fear of cancer or other diseases, and contamination of

8    Plaintiffs' personal property. Damages will be proved at trial.

9

10    **NINETEENTH CAUSE OF ACTION: CONCERT OF ACTION**

11    5.66    Plaintiffs reallege all preceding paragraphs.

12    5.67    Defendants and each of them conspired among themselves and with others and

13    agreed to hide, prevent, and otherwise conceal the true facts regarding the dangerousness of

14    the operation of Hanford from Plaintiffs and the public.  Defendants in concert with one

15    another caused the release of the radioactive and other hazardous materials into the air,

16    water, and underground pathways causing the injuries complained of herein, while publicly

17    claiming that the Hanford operation was safe.  Upon information and belief the Defendants

18    and each of them conspired with one another to prevent the true facts regarding the hazards

19    and potentially devastating health problems to plaintiffs and the public from being disclosed.

20    5.68    As a result of Defendants' actions, Plaintiffs were injured and seek damages

21    including, but not limited to exposure to radioactive and/or hazardous materials, loss of

22    income, loss of jobs, diminished ability to secure employment and insurance, and emotional

23    distress including, but not limited to, increased fear of cancer or other diseases, and

24    contamination of Plaintiffs' personal property. Damages will be proved at trial.

25

26    **TWENTIETH CAUSE OF ACTION: MEDICAL MONITORING**

27    5.69    Plaintiffs reallege all preceding paragraphs.

28    5.70    Defendants deliberately, knowingly and negligently exposed the Plaintiffs to

CLASS ACTION COMPLAINT- 31
281390.2/614#02!/016058.00001

1   radiation and other known hazardous materials.

2       5.71    As a result, Plaintiffs have been significantly exposed to radiation and other

3   known hazardous materials.

4       5.72    Plaintiffs have an increased risk of contracting serious diseases as a result of

5   the exposure. Those diseases may include thyroid disease, cancer, and even death.

6       5.73    The increased risk of such diseases makes periodic medical examinations

7   reasonably necessary.

8       5.74    Monitoring and testing procedures exist that (1) can detect exposure to

9   radiation and other hazardous materials so that additional steps to minimize exposure may be

10  taken and (2) make early detection and treatment of serious latent diseases possible and

11  beneficial.

12      5.75    As a result of their actions and omissions, resulting in Plaintiffs' increased risk

13  of contracting disease, Defendants should be required to pay an amount to be established at

14  trial into a court-supervised fund to pay for prudent medical and biological monitoring for

15  Plaintiffs and the class.

16

17      **TWENTY-FIRST CAUSE OF ACTION: INCREASED RISK AND FEAR OF**

18      **DISEASE**

19      5.76    Plaintiffs reallege all preceding paragraphs.

20      5.77    Defendants' conduct has increased substantially the risk the Plaintiffs have in

21  contracting thyroid disease or cancer.  The Defendants should compensate the Plaintiffs for

22  causing this anguish. Damages to be proved at trial.

23

24      **TWENTY-SECOND CAUSE OF ACTION: CIVIL CONSPIRACY**

25      5.78    Plaintiffs reallege all preceding paragraphs.

26      5.79    Defendants engaged, and continue to engage, in a civil conspiracy among

27  themselves, some or all of their sub-contractors, and other persons unknown to Plaintiffs, to

28  deprive Plaintiffs of their constitutional right to bodily integrity and access to the courts and

**CLASS ACTION COMPLAINT- 32**
281390.2/614#02!/016058.00001

1  to keep secret the true facts concerning the operations at Hanford. The co-conspirators

2  engaged in acts that resulted in the intentional and illegal release of radioactive and non-

3  radioactive hazardous materials into the environment while, among other things, operating

4  under a veil of secrecy to prevent disclosure of their misconduct.

5      5.80   Every Defendants failure to act and inform the Plaintiffs of the true nature of

6  Hanford aided and abetted the others in the furtherance of the conspiracy.

7      5.81   As a result of Defendants' conspiracy, Plaintiffs and other class members have

8  been injured in their persons and property as described above and in amounts to be proven at

9  trial.

10

11                       **PUNITIVE DAMAGES**

12     5.82   Plaintiffs reallege all preceding paragraphs.

13     5.83   Defendants' actions and omissions described above were made with conscious

14  disregard for the safety and rights of Plaintiffs and others that had a great probability of

15  causing substantial harm, and such acts and omissions by Defendants directly and

16  proximately caused the injuries to the Plaintiffs and other members of the class as

17  aforementioned, all for which Plaintiffs and the members of the class are entitled to the

18  amount of one hundred billion dollars ($100,000,000,000) punitive damages, plus reasonable

19  attorneys' fees and expenses.

20

21                   **RIGHT TO AMEND COMPLAINT**

22     Plaintiffs reserve the right to amend this complaint in the future pursuant to Fed. R.

23  Civ. P. 15 and 23.

24

25                 **DEMAND FOR TRIAL BY JURY**

26     Plaintiffs demand a trial by jury on all issues.

27

28

**CLASS ACTION COMPLAINT- 33**
281390.2/614#02!/016058.00001

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs request trial in Spokane or Yakima, Washington.

## VI.  PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

6.1     A finding that this action should proceed as a class action under Fed. R. Civ. P. 23;

6.2     An award of actual damages for the injuries suffered to each of the Plaintiffs and class members in amounts to be proven at trial;

6.3     An award of damages for violating Plaintiffs' constitutional rights and the laws of humanity, in amounts to be proven at trial;

6.4     An award for compensatory damages for the loss of the Plaintiffs' rights to fully use and enjoy their properties; for any annoyance, irritation, and discomfort they have experienced as a result of Defendants' conduct; and for any other compensatory damages that may be shown, in amounts to be proven at trial;

6.5     An award for just compensation to the Plaintiffs for Defendants' unjust enrichment at their expense, in amounts to be proven at trial;

6.6     An award of punitive damages to Plaintiffs' reflecting Defendants' willful and wanton disregard of their constitutional rights, property rights, and safety, in amounts to be proven at trial;

6.7     A judgment declaring that the Defendants are liable, jointly and severally,  to the Plaintiffs for all future costs they incur in removing the contamination on their Properties caused by Defendants' actions;

6.8     Declaratory and injunctive relief against each of the defendants in the form of an order directing the Defendants to abate the risks from the waste-storage operations at Hanford and to take all reasonable steps, including but not limited to, immediate and full public disclosure of all relevant information in their possession to correct the potentially explosive conditions or abate the ongoing release of radioactive and other hazardous

CLASS ACTION COMPLAINT- 34
281390.2/614#02!/016058.00001

1  materials into the environment;

2       6.9    An order forbidding the Defendants and future Hanford contractors from

3  releasing radiation and/or other hazardous materials from Hanford;

4       6.10   Complete disclosure of all studies, reports, analyses, data, and compilation, and

5  other similar information within the possession, custody, or control of each Defendant

6  concerning or relating to the releases of radioactive and/or other hazardous materials into the

7  inhabited environment surrounding Hanford and/or the  possible health effects of such

8  releases;

9       6.11   An admission of wrongdoing and a public apology for violating Plaintiffs'

10  constitutional rights;

11       6.12   The creation of a court-supervised fund, paid for by the Defendants in an

12  amount to be proven at trial, to pay for medical and biological monitoring for members of the

13  Medical Monitoring Class and the establishment of a scientific research fund devoted to

14  issues benefitting Plaintiffs;

15       6.13   An award to Plaintiffs for their costs of suit, and their attorneys' fees, in an

16  amount to be determined at trial;

17       6.14   An award of any other relief that this Court deems proper at law or equity.

18

19  DATED: June 26, 2000.       SHORT CRESSMAN & BURGESS PLLC

20

                             By

21                               Bryan P. Coluccio, WSBA No. 12609
                             R. Brent Walton, WSBA No. 27395

22                               999 Third Ave., Suite 3000
                             Seattle, Washington 98104

23

24                             ENGSTROM, LIPSCOMB & LACK
                             Walter J. Lack, Esq.

25                             Brian Depew, Esq.
                             10100 Santa Monica Boulevard, 16th Floor

26                             Los Angeles, California 90067-4107

27                             GIRARDI & KEESE
                             Thomas V. Girardi, Esq.

28                             1126 Wilshire Boulevard
                           Los Angeles, California  90017

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINSON, CALCAGNIE & ROBINSON
    Mark Robinson, Esq.
    620 Newport Center Drive, 7th Floor
    Newport Beach, CA 92660

JOHNSON LAW GROUP
    Scott Johnson, Esq.
    Todd Johnson, Esq.
    10801 Wayzata Boulevard, Suite 120
    Minnetonka, Minnesota 55305

Attorneys for Plaintiffs

**CLASS ACTION COMPLAINT- 36**
281390.2/614#02!/016058.00001